IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL G.,[1]

    Plaintiff,

v.

KILOLO KIJAKAZI, Commissioner of Social Security,

    Defendant.

Case No. 3:21-cv-00988-MK

**OPINION AND ORDER**

**KASUBHAI, Magistrate Judge.**

Michael G. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is affirmed.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. Id. Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" Bray, 554 F.3d at 1222 (quoting Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I.  PLAINTIFF'S APPLICATION

Plaintiff filed his application for DIB on January 14, 2019, alleging disability as of March 29, 2018. (Tr. 111-12.) Plaintiff alleged disability due to generalized anxiety disorder, agoraphobia, depression, and chronic fatigue. (Tr. 113.) The Commissioner denied Plaintiff's application initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on October 15, 2020. (Tr. 35-72.)

Following the administrative hearing, ALJ Robert F. Campbell issued a written decision dated November 17, 2020, denying Plaintiff's application. (Tr. 13-29.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1.) Plaintiff now seeks judicial review of that decision.

## II.   THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. Id. at 724-25. The claimant bears the burden of proof for the first four steps. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. Id.; Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." Tackett, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. Bustamante, 262 F.3d at 954 (citations omitted).

### III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 13-29.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date March 29, 2018. (Tr. 16.) At step two, the ALJ determined that Plaintiff suffered from the severe impairments of chronic fatigue syndrome due to a history of Epstein-Barr virus; anxiety; depression; chronic low back pain; and ureteropelvic junction (UPJ) obstruction with chronic abdominal pain due to hydronephrosis. (Tr. 16.) At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a Listing. (Tr. 17.)

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff retained the ability to perform light work with the limitation that he "is limited to simple routine work with occasional public contact." (Tr. 18.) At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work in technical support. (Tr. 20.) At step five, the ALJ determined that Plaintiff could nevertheless perform jobs existing in significant numbers in the national economy, including production assembler, inspector and hand packager, and electronics worker. (Tr. 28.) The ALJ therefore concluded that Plaintiff was not disabled. (Tr. 28-29.)

Plaintiff argues that the ALJ erred by (1) erroneously evaluating the medical evidence, and (2) failing to fully develop the record.

### DISCUSSION

**I. Medical Opinion Evidence**

Plaintiff first argues the ALJ improperly rejected the opinion of consultative physician Jonathan Rosen, M.D. An ALJ's decision to discredit any medical opinion must be supported by substantial evidence. Woods v. Kijakazi, 32 F.4th 785, 787 (9th Cir. 2022). "An ALJ can satisfy

PAGE 4 – OPINION AND ORDER

the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Id. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Id. at 1012-13 (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Dr. Rosen concurred with the opinion of Renee Schwartz, a naturopathic doctor (ND), who opined that Plaintiff "would be unable to work at greater than a sedentary occupation for greater than two hours/day on a five-day schedule." (Tr. 24, 976.) The ALJ rejected Dr. Schwartz's opinion because it was not "based on strong medical findings" and because it conflicted with other evidence in the record, including the opinions of other physicians who found that Plaintiff retained the capacity to perform substantial gainful activity. (Tr. 25.) Plaintiff does not challenge the ALJ's rejection of Dr. Schwartz's opinion, but rather contests the ALJ's rejection of Dr. Rosen's findings. (ECF 16.) Specifically, Plaintiff argues that Dr. Rosen's opinion exceeded a mere recitation of or Dr. Schwartz's opinion and that the ALJ was therefore required to provide independent, legally sufficient reasons for rejecting it.

Plaintiff points out that Dr. Rosen independently reviewed Plaintiff's medical records, and, in addition to concurring with Dr. Schwartz's opinion, noted that Plaintiff was being treated for chronic Epstein Barr infection. (Tr. 976-77.) Dr. Rosen, however, also determined that Plaintiff

PAGE 5 – OPINION AND ORDER

had no clear diagnosis and that his functional limitations were based upon subjective reporting. (Id.) In the portion of his written decision that discusses Dr. Rosen's opinion, Plaintiff's testimony, and the longitudinal medical record, the ALJ rejects Plaintiff's subjective symptom complaints because they conflict with the credible medical evidence. (Tr. 24-25.) Plaintiff does not contest the ALJ's rejection of Plaintiff's testimony, or the ALJ's evaluation of the other medical opinion evidence (with the exception of the State agency physicians, as discussed below). (ECF 16.) The ALJ is entitled to reject a physician's opinion that conflicts with other medical evidence in the record or is based solely upon a claimant's subjective complaints that have been properly rejected, so long as his decision is supported by substantial evidence. Woods, 32 F.4th at 787. The Court thus finds that, while the ALJ discussed Dr. Rosen's opinion largely in the context of evaluating Dr. Schwartz's opinion, he provided legally sufficient reasons for rejecting both physicians' limitations on Plaintiff's functioning. Further, even if the ALJ erred by not directly connecting these reasons to Dr. Rosen's opinion, any error is harmless because the ALJ's reasoning applies with equal force to Dr. Rosen's opinion as it does to that of Dr. Schwartz. On this record, the Court finds that the ALJ's evaluation of the medical evidence was supported by substantial evidence. Woods, 32 F.4th at 787.

      Plaintiff also argues that the ALJ provided no justifications for tempering the opinions of the non-examining physicians, who found that Plaintiff was capable of medium work. In his final RFC formulation, the ALJ determined that Plaintiff could perform only light work. (Tr. 28.) Because the State agency physicians concluded that Plaintiff was not disabled, however, and the ALJ formulated a less-inclusive RFC than he would have if he fully credited the State agency physicians' opinions, any error in the ALJ's adjustments of these opinions was harmless.

**II. Failure to Develop the Record**

Plaintiff next argues that the ALJ failed to fully develop the record. The ALJ's duty to develop the record is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001). Here, Plaintiff argues that consultative physician Sarah Sicher, M.D., indicated that the record was not fully developed when she noted that she could not recommend any psychiatric restrictions or limitations on Plaintiff's functioning absent "an independent/third-party comprehensive assessment with multiple stand-alone and embedded validity measures to confirm credibility of reporting, to confirm functional status, and to clarify diagnosis and treatment planning." (Tr. 1115-16.) The Court finds that Dr. Sicher's opinion, taken as a whole, did not trigger the ALJ's duty to develop the record further. Specifically, Dr. Sicher's full opinion includes the statement that "[w]ithout objective evidence supporting psychiatric impairment that precludes working, no psychiatric restrictions and limitations can be recommended at this time." On this record, it was reasonable for the ALJ simply to conclude that Plaintiff had no disabling mental limitations, and there is no indication that the record was inadequate to allow for proper evaluation of the evidence. Mayes, 276 F.3d at 460.

## CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED this 12th day of July 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge